UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY M.,[1]

    **Plaintiff,**

  v.

    Case No. 3:21-cv-120
    Magistrate Judge Norah McCann King

**COMMISSIONER OF SOCIAL SECURITY,**[2]

    **Defendant.**

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Gary M. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Plaintiff appeals from the final decision of the Commissioner of Social Security denying those applications. This matter is now before the Court, with the consent of the parties, *see Joint Consent of the Parties*, ECF No. 6, on *Plaintiff's Statement of Errors*, ECF No. 12, *Defendant's Memorandum in Opposition*, ECF No. 15, *Plaintiff's Reply*, ECF No. 17, and the *Certified Administrative Record*, ECF No. 10. After careful consideration of the entire record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court grants *Plaintiff's Statement of Errors,* reverses the decision of the Commissioner, and remands the matter for further consideration.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* S.D. Ohio General Order 22-01.

[2] Kilolo Kijakazi is the Acting Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

1

**I.     PROCEDURAL HISTORY**

Plaintiff protectively filed his applications for benefits on December 26, 2018, alleging that he has been disabled since May 3, 2018, based on a number of physical and mental impairments. R. 201-05, 206-21.[3] The applications were denied initially and upon reconsideration and Plaintiff sought a *de novo* hearing before an administrative law judge. R. 151-52. Administrative Law Judge ("ALJ") Gregory G. Kenyon held a hearing on September 3, 2020, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 35-61. In a decision dated October 21, 2020, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from May 3, 2018, Plaintiff's alleged disability onset date, through the date of that decision. R. 16-29. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on March 23, 2021. R. 1-6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On March 22, 2022, the case was reassigned to the undersigned. ECF No. 16. The matter is ripe for disposition.

**II.    LEGAL STANDARD**

    **A.    Standard of Review**

In reviewing applications for Social Security disability benefits, "[t]he Commissioner's conclusion will be affirmed absent a determination that the ALJ failed to apply the correct legal standard or made fact findings unsupported by substantial evidence in the record." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). The United States Supreme Court has explained the

---

[3] References to pages as they appear in the Certified Administrative Record will be cited as "R. __."

substantial evidence standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted). In addition, "'[w]here substantial evidence supports the [Commissioner's] determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.'" *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)); *see also Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'") (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). "Yet, even if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**B.     Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). "The claimant bears the burden of proof through step four; at step

five, the burden shifts to the Commissioner." *Rabbers*, 582 F.3d at 652 (*citing Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b); 416.920(b).  If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c); 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d); 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id*. at §§ 404.1509; 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e), (f); 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g); 416.920(g). If the ALJ determines that the

plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.   ALJ DECISION AND APPELLATE ISSUES

The Plaintiff was 48 years old on May 3, 2018, his alleged disability onset date. R. 28. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between that date and the date of the decision. R. 18.

At step two, the ALJ found that Plaintiff's severe impairments consisted of residuals of a cerebrovascular accident, degenerative joint disease of the left shoulder, obesity, and a mild neurocognitive disorder. R. 19. The ALJ also found that Plaintiff's diagnosed hypertension, high cholesterol, hypothyroidism, and gastroesophageal reflux disease ("GERD"), and Plaintiff's alleged short-term memory loss, left arm and leg weakness, and seizures were not severe impairments. *Id*.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. *Id*.

At step four, the ALJ found that Plaintiff had the RFC to perform light work subject to various additional limitations:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following exceptions: No more than frequent crouching, kneeling, or stooping. No more than occasional climbing of ramps and stairs or crawling. No more than occasional use of the left upper extremity for overhead reaching; no more than frequent use of the left upper extremity for pushing, pulling, handling, fingering, operating hand controls, or reaching in all other directions. No climbing of ladders, ropes, or scaffolds. No work around hazards such as unprotected heights or dangerous machinery. No driving of automotive equipment. The claimant is limited to performing simple and repetitive tasks with a specific vocational preparation level of 1 or 2.

R. 22. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a machine operator and agricultural packer. R. 27.

At step five and relying on the testimony of the vocational expert, the ALJ found that a significant number of jobs–*e.g.*, jobs as a marker, a routing clerk, and a collator operator–existed in the national economy and could be performed by Plaintiff. R. 29. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from May 3, 2018, his alleged disability onset date, through the date of the decision. *Id*.

Plaintiff disagrees with the ALJ's findings and conclusions and asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Statement of Errors,* ECF No. 12; *Plaintiff's Reply Brief*, ECF No. 17. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Memorandum in Opposition,* ECF No. 15.

IV.     **RELEVANT EVIDENCE AND DISCUSSION**

As noted above, the ALJ found, at step two of the sequential evaluation process, that Plaintiff's severe impairments consisted of the residuals of a cerebrovascular accident, degenerative joint disease of the left shoulder, obesity, and a mild neurocognitive disorder. R. 19. Plaintiff argues, *inter alia*, that the ALJ "failed to acknowledge the impairment of advanced degenerative disc disease of the cervical spine with stenosis. . . ." *Plaintiff's Statement of Errors*, ECF No. 12, PageID# 1033. Because the Court concludes that the matter must be remanded for consideration of evidence of advanced degenerative disc disease of Plaintiff's cervical spine with stenosis, the Court will limit its discussion of the evidence to that issue.

In January 2020, a CT angiography of Plaintiff's neck revealed that "C5-C6 disc is moderately severely narrowed, and C6-C7 disc is severely narrowed. Endplate erosions and sclerosis at these two levels. Both C6-C7 neural foramina are moderately severely narrowed." R. 838. At the administrative hearing, the ALJ asked Plaintiff about degenerative changes in his neck:

> Q. . . . I notice that you also have an MRI [sic] showing that you've got advanced degenerative changes in your neck. Are you having any difficulty or pain with regard to your neck?
>
> A. Yeah.
>
> Q. Can you describe that? What kind of difficulty are you having?
>
> A. Twisting – looking to the left as a matter of fact.
>
> Q. Okay. Can you turn your – your head all the way to the left?
>
> A. No. I – I just turn my upper body.

R. 51. Yet the ALJ did not include degenerative disc disease at C-5 and C-6 in his list of Plaintiff's severe impairments, nor did he include this condition among Plaintiff's diagnosed and alleged—but non-severe—impairments. *See* R. 19. Plaintiff contends, *inter alia*, that the ALJ erred in failing to include this condition as a severe impairment at step two of the sequential evaluation process, thus resulting in a flawed RFC determination. *Plaintiff's Statement of Errors*, ECF No. 12, PageID# 1026. This Court agrees.

At step two, an ALJ decides whether the claimant has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c); 416.920(c); SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985). If the claimant has at least one severe impairment, the ALJ must then assess the claimant's RFC.  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

A claimant's RFC is the most that a claimant can do despite his limitations. 20 U.S.C. §§ 404.1545(a)(1); 416.945(a)(1). In determining a claimant's RFC, an ALJ must evaluate all the medical evidence as well as the claimant's testimony. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004); SSR 96–5p, SSR 96–8p, 1996 WL 374184 (July 2, 1996). This determination requires that the ALJ "consider limitations and restrictions imposed by all of [the] individual's impairments, even those that are not severe." *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007) (cleaned up). *See also* 20 C.F.R. §§ 404.1545(a)(2); 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your [RFC]."). Thus, where the ALJ has found at least one severe impairment at step two of the sequential evaluation, the analysis will continue and, so long as the ALJ has considered the cumulative effect of all the claimant's impairments, both severe and non-severe, in assessing the claimant's RFC at step four, the failure to include other severe impairments at step two is harmless and is not tantamount to reversible error. *Fisk.* 253 F. App'x at 584 (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)).

However, a failure on the part of an ALJ to consider an impairment that allegedly results in a limitation in a claimant's ability to engage in work-related activities is not harmless if the RFC found by the ALJ does not address that limitation. *See, e.g., Winn v. Comm'r of Soc. Sec.*, 615 Fed. Appx 315, 326 (6th Cir. 2015) (reversing the Commissioner's decision where the RFC found by the ALJ addressed only physical limitations and "did not consider Winn's mental impairments in a meaningful way."); *Johnson v. Colvin*, No. 3:13-cv-00301, 2014 WL 6603376, at *8 (S.D. Ohio Nov. 19, 2014) (recommending reversal where the ALJ failed to consider the claimant's non-severe mental impairments at step four), *report and recommendation adopted*

8

No. 3:13-cv-00301, 2014 WL 7015188 (S.D. Ohio Dec. 10, 2014). *See also White v. Comm'r of Soc. Sec.*, 312 Fed. Appx. 779, 787 (6th Cir. 2009) ("Although the ALJ did not err in finding that White's mental impairment was not severe, the ALJ gave no explanation for totally discounting the objective evidence of White's mental impairment in determining White's RFC.").

At the administrative hearing in this case, the ALJ acknowledged evidence of "advanced degenerative changes" in Plaintiff's neck. R. 51 ("I notice that you also have an MRI [sic] showing that you've got advanced degenerative changes in your neck."). However, the ALJ's decision makes no mention of this evidence, nor does the ALJ consider—or even acknowledge—Plaintiff's testimony that the condition limits his ability to turn his head. *See id*. Significantly, the RFC found by the ALJ, which includes a limitation on Plaintiff's ability to use "the left upper extremity," R. 22, does not appear to accommodate a limitation on Plaintiff's alleged ability to turn his head.

The Acting Commissioner does not appear to dispute these facts; instead, the Acting Commissioner argues that "the ALJ had little or no notice" that this condition was "even an issue in Plaintiff's case." *Defendant's Memorandum in Opposition*, ECF No. 15, PageID# 1051 n.3. To the contrary, and as noted above, the ALJ expressly referred to the evidence documenting this condition and Plaintiff expressly testified at the administrative hearing to the limitation allegedly caused by this condition. R. 51. Under these circumstances, the Court concludes that the matter must be remanded for further consideration of this issue.[4]

---

[4] Plaintiff raises other claims in *Plaintiff's Statement of Errors*, ECF No. 12. In light of the Court's resolution of this issue, however, the Court does not address those claims.

V. CONCLUSION

**WHEREUPON** the Court **GRANTS** *Plaintiff's Statement of Errors*, ECF No. 12, **REVERSES** the decision of the Commissioner, and **REMANDS** the matter to the Commissioner with directions for further consideration.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

Date:  January 17, 2023                    *s/Norah McCann King*
                                            NORAH McCANN KING
                                            UNITED STATES MAGISTRATE JUDGE